# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>PAUL G. MARTIN,<br>　　　　Defendant. | Case No. 08-cr-00122-BLF-1<br><br>**ORDER REQUESTING RESPONSE** |

Presently before the Court is Defendant Paul G. Martin's motion pursuant to 28 U.S.C. § 2255 challenging the conviction and sentence imposed by this Court in the criminal matter captioned above. Having reviewed Defendant's motion in conjunction with the Court's docket, the Court will request United States to respond.

## I.   BACKGROUND

On June 9, 2008, Defendant pled guilty pursuant to a written plea agreement to one count of possessing materials involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B). Mot., ECF 74. Defendant was thereafter sentenced to a prison term of forty-eight (48) months. *Id.* Judgment was imposed on March 1, 2010. *Id.*; ECF 37. Defendant did not appeal the sentence. He filed the instant motion on March 29, 2017.

## II.   DISCUSSION

### A.   Standard of Review

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant

relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

### B. Defendant's Claims

The Court will now conduct an initial review to determine whether Defendant's motion presents a cognizable claim for relief and requires a response by the government.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, provides:
> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Defendant alleges the following claims as grounds for relief: 1) he first became aware that his former defense attorney, Shepard Kopp, was under suspension by the "California Bar Association" during the time he represented Defendant; 2) he did not receive adequate legal counsel leading up to the plead hearing; 3) his counsel refused to examine evidence on his computer and exhibited gross indifference in the case; 4) the government's discovery document was incoherent and there was insufficient proof; 5) he did not appeal the guilty verdict or claim ineffective assistance of counsel in 2008, 2009, or 2010 due to his ongoing cooperation with the United States government and a promise of a 5K1.1 downward departure made by an assistant United States attorney; 6) he was coerced into accepting a guilty plea; 7) the government's draft presentencing report was factually incorrect; 8) Defense counsel Shepard Kopp never provided the probation department evidence of Defendant's ischemic stroke suffered in May 2009; 9) Defense

counsel Kopp quit the Geragos firm on December 31, 2009 and Defense counsel Mark Geragos failed to prepare an adequate sentencing memorandum; 10) Judge James Ware did not property enumerate nor discuss probation department recommendations for conditions of supervised release at the sentencing hearing; 11) Defense counsel Geragos did not object to any of the court mandated standard conditions and special conditions and to the ten-year term of supervised release; 12) the assistant United States attorney, Hanely Chew, was obligated to bring a Rule 35 motion to court after promising to do so but did not honor his commitment; and 13) Defense counsel Geragos refused to file a motion for threshold hearing regarding Chew's refusal to honor his promise of bring the motion for downward departure. Liberally construed, Petitioner's claims appear cognizable under § 2255 on the basis of their merits.

### C. Statute of Limitations

Section 2255(f) imposes a one-year statute of limitation for all motions brought under the statute. That section also provides:

> The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of § 2255(f)(1), a judgment becomes "final" when the period within which to file an appeal expires. *See United States v. Schwartz*, 274 F.3d 1220, 1223, n.1 (9th Cir. 2001). As noted above, judgment was imposed in this action on March 1, 2010. Pursuant to Federal Rule of Appellate Procedure 4(b), Defendant had fourteen days from that date within which to file an appeal.

The instant motion was filed on March 29, 2017, more than seven years after Defendant's

sentencing in March 2010. However, the one-year statute of limitations may be tolled under § 2255(f)(1) if Defendant makes a showing that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (citation omitted). Further, equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness." *Id.* (citation omitted). Here, the Court is uncertain whether Defendant is entitled to tolling for the relevant time period. Accordingly, the instant petition appears to be untimely.

This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the motion. If the motion is time-barred, the litigants and Court need not expend resources addressing the substantive claims in the motion. Accordingly, pursuant to Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2255, United States shall either (1) file a pre-answer motion to dismiss Defendant's instant motion on the ground that it is untimely, or any other grounds deemed appropriate by United States; or (2) file an answer.

### III. CONCLUSION

1. United States shall file, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Cases, showing cause why the motion should not be granted.

2. If Defendant wishes to respond to the answer, he shall do so by filing a reply **within thirty (30) days** of that the answer is filed.

3. Alternatively, United States may, within **sixty (60) days** of the date this order is filed, move to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2255 Cases. If United States files such a motion, Defendant shall file an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and United States shall file with the Court a reply **within fifteen (15) days** of the date any opposition is filed.

4. It is Defendant's responsibility to prosecute this case. Defendant must keep the Court and all parties informed of any change of address by filing a separate paper captioned

4

"Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 30, 2017

_____
BETH LABSON FREEMAN
United States District Judge