United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-cr-00122-BLF-1 |
| Plaintiff, | **ORDER FINDING THAT DEFENDANT HAS VIOLATED THE CONDITIONS OF HIS SUPERVISED RELEASE** |
| v. | |
| PAUL GERALD MARTIN, | [Re: ECF 112] |
| Defendant. | |

On January 11, 2019, United States Probation Officer Jennifer James filed an amended Form 12 charging Defendant Paul Gerald Martin with five violations of the terms of his supervised release. The Court held an evidentiary hearing on February 8, 2019, during which the Government dismissed Charge 2. At the conclusion of the hearing, the Court issued its ruling on the record, finding that Defendant violated the conditions of his supervised release as set forth in Charges 1, 3, 4, and 5. The Court indicated that it would memorialize its ruling in a written order. The Court set a sentencing hearing for March 12, 2019, which was continued to March 19, 2019 pursuant to the stipulation of the parties.

For the reasons stated on the record and set forth below, the Court finds by a preponderance of the evidence that Defendant VIOLATED the conditions of his supervised release as set forth in Charges 1, 3, 4, and 5 of the January 11, 2019 amended Form 12.

## I. BACKGROUND

On March 5, 2010, a judgment of conviction was entered against Defendant pursuant to his guilty plea to one count of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). *See* Judgment, ECF 37. Defendant was sentenced to a 48-month term of imprisonment followed by a 10-year term of supervised release. *See id.*

**First Set of Violations of Terms of Supervised Release**

The case was reassigned to the undersigned in July 2016. *See* Order Reassigning Case, ECF 52. On October 13, 2016, an amended Form 12 was filed charging Defendant with violations of the conditions of his supervised release. *See* Am'd Form 12, ECF 63. On November 8, 2016, Defendant admitted Charges 1, 2, and 5 of the October 13, 2016 amended Form 12, and on December 20, 2016 the Court revoked Defendant's term of supervised release, sentenced him to 90 to 180 days in a Residential Re-entry Center, re-imposed a 9-year term of supervised release, re-imposed all of the originally imposed special conditions, and imposed additional conditions. *See* Minute Entries, ECF 66, 70.

**Second Set of Violations of Terms of Supervised Release**

On January 26, 2018, an amended Form 12 was filed charging Defendant with violations of the conditions of his supervised release. *See* Am'd Form 12, ECF 101. On February 20, 2018, Defendant admitted Charges 1, 2, 4, 5, and 6 of the January 26, 2018 amended Form 12. *See* Minute Entry, ECF 104. The Court maintained the current term of supervision under the same conditions, with the added order that Defendant complete an essay describing the coping strategies he intended to use to comply with supervision. *See* Minute Entry, ECF 105; Am'd Form 12 at 3, ECF 112.

**Third Set of Violations of Terms of Supervised Release**

On January 11, 2019, Probation Officer James filed the amended Form 12 that is the subject of this order, charging Defendant with five violations of the conditions of his supervised release. *See* Am'd Form 12, ECF 112. Defendant requested an evidentiary hearing, which was held on February 8, 2019. As noted above, the Government dismissed Charge 2. The Government called Probation Officer Jennifer James to testify and submitted documentary evidence. Defendant testified on his own behalf. At the conclusion of the hearing, the Court found that Defendant had violated the conditions of his supervised release as set forth in Charges 1, 3, 4, and 5 of the January 11, 2019 amended Form 12. The bases for the Court's findings were stated on the record and are memorialized below.

## II. LEGAL STANDARD

"[A] district court may revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." *United States v. Lomayaoma*, 86 F.3d 142, 146 (9th Cir. 1996) (internal quotation marks and citation omitted); *see also* 18 U.S.C. § 3583(e)(3) (setting forth requirements for revoking supervised release). A district court's revocation of supervised release is reviewed for abuse of discretion. *Lomayaoma*, 86 F.3d at 146.

## III. DISCUSSION

The Court addresses Charges 1, 3, 4, and 5 of the January 11, 2019 amended Form 12 as follows:

### A. Charge 1 – Failure to Notify Probation Officer of Change in Employment

Charge 1 alleges that Defendant violated Standard Condition Number 6, requiring Defendant to notify his probation officer at least ten days prior to any change in employment.

Probation Officer Jennifer James testified that Defendant failed to notify her when he was fired from his employment as a front desk clerk at the University Club. The Government submitted Defendant's termination letter, dated September 13, 2018, which was admitted into evidence as Exhibit 1. The letter informed Defendant that he had been terminated for using the Club's front desk computer to access websites and engage in online conversations which were unrelated to the business of the Club and which the Club deemed to be inappropriate. Officer James testified that Defendant did not notify her of the receipt of the termination letter, and that she learned of Defendant's termination only when she contacted the University Club to arrange a visit to his worksite. Officer James stated that she spoke to Defendant by telephone on October 12, 2018, and asked if he still worked at the University Club. Her intention was to give Defendant an opportunity to comply with his release conditions by informing her of the change in employment. Defendant did not take advantage of that opportunity, instead questioning why Officer James was asking about his employment. Officer James testified that Defendant admitted to the termination from the University Club only once she informed him that she knew of it.

Defendant testified that he met with Officer James on approximately September 8 or 9, 2018, and at that time he told her that he was planning on leaving the University Club to take a position at Haas School of Business at the University of California, Berkeley and to pursue other business opportunities. Defendant stated that he got the September 13, 2018 termination letter from the University Club a few days later, via email, but that he did not believe he needed to inform Officer James about it because he had already told her he was planning to leave the University Club. Defendant admitted that he did not inform Officer James of the termination letter when he received it. Defendant also testified that he had failed to inform his probation officer about many other jobs that he had done, including work for a hedge fund, work moving furniture, and general maintenance work.

The Court finds as follows: there is no counter-evidence to Defendant's testimony that he met with Officer James on approximately September 8 or 9, 2018, and that he informed her of his intention to leave the University Club. The Court therefore accepts that testimony as true. With respect to Defendant's testimony regarding the many jobs about which he failed to inform his probation officer, the Court considers that testimony only with respect to Defendant's credibility, as those jobs do not form the basis for Charge 1 of the January 11, 2019 amended Form 12. Focusing on the alleged conduct which does form the basis for Charge 1, the Court finds that the Government has proved by a preponderance of the evidence that Defendant failed to notify Officer James of his September 13, 2018 termination from the University Club. Accordingly, the Court finds that the Government has proved Charge 1 by a preponderance of the evidence.

**B.        Charge 3 – Failure to Follow Instructions of Probation Officer**

Charge 3 alleges that Defendant violated Standard Condition Number 3, requiring that Defendant follow the instructions of the Probation Officer.

Officer James testified that when Defendant obtained the position at the University Club, she instructed him that he could use the computer at the University Club only for work. She testified that she told Defendant there was to be no personal use of the computer. As reflected in his termination letter, discussed above, Defendant was fired for personal use of the University Club computer which the University Club found to be inappropriate.

The Government also submitted the browser history from the University Club front desk computer, showing access to a substantial amount of material – much of it pornographic – unrelated to Club business on September 7, 8, and 9, during hours that Defendant was working. The Government also submitted screen shots of the material in question. Among the material accessed was Defendant's profile on the website "fetlife.com," and profiles of other individuals on that website. The browser history and screen shots were admitted into evidence as Exhibits 2-9. When admitting the exhibits, the Court acknowledged that they were hearsay, but noted that hearsay is not a bar to introduction of evidence in supervised release revocation proceedings. *See United States v. Verduzco*, 330 F.3d 1182, 1185 (9th Cir. 2003) ("[T]he Federal Rules of Evidence do not apply to supervised release revocation hearings.").

Defendant stipulated that he was working during the hours when the fetlife.com profiles and other material was accessed on the Club's computer. Defendant claimed that he accessed his own profile on fetlife.com at the request of a Club member, and that Defendant's job duties included keeping members happy, within reason. Defendant denied that he was responsible for the access to the other fetlife.com profiles and pornographic material during the three-day period documented by the Government. Defendant speculated that perhaps he did not close the browser after accessing his profile at the member's request, and that others had accessed the material in question.

Even accepting Defendant's representation that he accessed his profile on the Club computer on one occasion at a Club member's request, the Court does not find credible Defendant's denial that he accessed the other fetlife.com profiles and pornographic material over the three-day period in question. Defendant stipulated that the access to the material in question from the Club's computer corresponded to hours that he was clocked into work. Officer James testified that she was informed by Ms. Oldham at the University Club that only one front desk clerk was on duty at a time, and that the front desk clerk on duty would be the only person with access to the Club's front desk computer. The fetlife.com profiles and pornographic material clearly do not relate to Defendant's employment at the University Club. Accordingly, the Court finds that the Government has proved Charge 3 by a preponderance of the evidence.

### C.     Charge 4 – Failure to Register as Sex Offender

Charge 4 alleges that Defendant violated the general condition stating that he shall not commit a federal, state, or local crime.

Officer James testified that on December 11, 2018, she received an email from Defendant stating that he was starting a new job at Haas School of Business at the University of California, Berkeley.  Officer James informed Defendant that if he would be working on a college campus he was required to register as a sex offender with campus police.  Under California's Sex Offender Registration Act, Defendant was required to register with campus police once he started working on campus.  *See* Cal. Penal Code §§ 290, 290.009.  Defendant said that he would register.  However, Defendant had not registered as of the time Officer James filed the amended Form 12 on January 11, 2019.  Failure to register as required under § 290 et seq. is a felony.  *See* Cal. Penal Code § 290.018.  Officer James was informed that Defendant registered on January 22, 2019.

Defendant does not deny that his registration with campus police was "late."  His counsel questioned Officer James whether the campus police personnel took vacation over the holidays, apparently suggesting that Defendant may have been unable to register with campus police in a timely fashion.  Defendant's counsel also elicited testimony from Officer James that Defendant's failure to register has been cured.

The Court finds that the Government has proved Charge 4 by a preponderance of the evidence.  It is undisputed that Defendant failed to comply with § 290 et seq., which could be charged as a felony offense.

### D.     Charge 5 – Failure to Answer All Inquiries by Probation Officer

Charge 5 alleges that Defendant violated Standard Condition Number 3, requiring that he answer truthfully all inquiries by the probation officer.

Officer James testified that after she received Defendant's email of December 11, 2018 informing her of his position at Haas, she responded by email dated December 12, 2018, asking Defendant to provide basic information such as his start date and the name of his supervisor.  Officer James stated Defendant never provided her with that information.  Defendant did not dispute his failure to provide Officer James with the information she had requested.

At the hearing, the Court clarified that Charge 5 relates only to Defendant's failure to respond to Officer James' inquiry, and does not allege that Defendant responded to an inquiry untruthfully. As so clarified, the Court finds that the Government has proved Charge 5 by a preponderance of the evidence. Ms. James asked that Defendant provide her with basic information about his new employment, and he never responded.

**IV.    ORDER**

(1)    The Court finds that the Government has proved that Defendant violated the conditions of his supervised release as set forth in Charges 1, 3, 4, and 5 of the January 11, 2019 amended Form 12.

(2)    Sentencing on those violations is scheduled for March 19, 2019.

Dated: March 18, 2019

BETH LABSON FREEMAN
United States District Judge